UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eustaquio Santana Pascual,<br><br>Plaintiff,<br><br>-v-<br><br>New York State, Suffolk County,<br><br>Defendants. | 2:24-cv-6723<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is the motion to proceed *in forma pauperis* ("IFP") (IFP Mot. I, ECF No. 2) filed by *pro se* plaintiff Eustaquio Santana Pascual ("Pascual") on September 23, 2024 while incarcerated as a pretrial detainee at the Suffolk County Correctional Facility together with his civil rights Amended Complaint (Am. Compl., ECF No. 7) brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and filed on November 11, 2024. (*Id.* at 1.) Pascual filed a second IFP motion when he filed his Amended Complaint. (IFP Mot. II, ECF No. 10.) Pascual challenges, among other things, an underlying, pending state court prosecution. (*See* Am. Compl. at 5–7.) Upon review, the Court finds that Pascual's responses on the two IFP Motions qualify him to commence this action without prepayment of the filing fee. Accordingly, this Court deems the second IFP Motion to be the operative motion, grants it, and dismisses the first IFP Motion as moot. Nevertheless, for the reasons that follow, the Amended Complaint does not allege any

plausible claims and is thus dismissed and/or stayed as set forth below pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).[1]

## BACKGROUND

On September 23, 2024, Pascual filed a Complaint against Suffolk County, Suffolk County Police Department (the "Police Department"), Suffolk County Sheriff Errol D. Toulon, Jr. ("Sheriff Toulon"), Suffolk County Warden Michael Franchi ("Warden Franchi"), Suffolk County Legal Aid Society ("Legal Aid"), Suffolk County District Attorney Raymond A. Tierney ("DA Tierney"), State of New York ("New York"), and Long Island Railroad ("LIRR") using the Court's complaint form for claims brought pursuant to Section 1983. (Compl. at 4–6, ECF No. 1.) The same day, Pascual also filed a motion to proceed IFP. (IFP Mot. I.)

On November 8, 2024, Pascual used the Court's complaint form to file Amended Complaint, again, which names New York and Suffolk County (together, "Defendants") as the sole Defendants, and filed another IFP Motion. (Am. Compl.; IFP Mot. II.)

### I. The Amended Complaint[2]

Pascual alleges that he was arrested on August 27, 2024 "for a crime [he] did not commit and ha[s] been denied due process of law by the State of New York and Suffolk County" because the Defendants have failed to show probable cause for his arrest and provide him written documents in Spanish, as a "reasonable accommodation under Title II of the Americans with

---

[1] On November 27, 2024, Pascual filed a Motion to Appoint Counsel. (ECF No. 15.) The Court denies the Motion to Appoint Counsel without prejudice and with leave to renew should Pascual move to reopen this case upon conclusion of his state criminal proceedings.

[2] Excerpts from the Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

Disabilities Act court accessibility requirement." (Am. Compl. at 7.)[3] According to the Amended Complaint, Pascual was arraigned on August 28, 2024 "in Suffolk County local criminal court" and was not provided with a copy of the felony complaint in Spanish. (*Id.* at 7.) Pascual alleges that his attorney, who was from the Suffolk County Legal Aid Society, was informed that he could not read English and waived Pascual's "rights pursuant to CPL 180.10, 180.60, and 180.80" without his knowledge or consent. (*Id*. at 4.) Pascual alleges that, following his arraignment, he was placed in the custody at the Suffolk County Correctional Facility (the "Jail") where he claims he was not provided "a Spanish postage paid envelope, paper or pen so I could revoke the waiver of Article CPL 180 and serve written notice upon the Suffolk County District Attorney of my desire to testify before the grand jury." (*Id*. at 4–5.)

At the Jail, Pascual describes being "transferred to general population with a blind inmate named Russell DeFreitas[4] who I know and trust for over 30 years who explained to me the

---

[3] Although the Amended Complaint has omitted the nature of the crime, the original complaint alleged that Pascual was arrested based on "allegations that I pushed a woman of[f] a moving Long Island railroad train on or about July 17, 2024." (Compl. at 5, 9.) In addition, according to the information maintained by the New York State Office of Court Administration on its public website, Pascual was indicted on to violations of N.Y. Penal Law §§ 120.00(01) (assault with intent to cause physical injury); 120.20 (reckless endangerment), and 145.15 (criminal tampering). *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=lvYPYZwUzN2YxTkSSg0L1Q==&countyId=Nv9qDJd4g98CYLqwOk6Q5w==&docketId=5/pY4np0A5C5unIIR9woNQ==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Santana,+Eustaquio&court=Suffolk+1st+District+Court&courtType=U&recordType=U&recordNum= (last visited on December 5, 2024).

[4] Russell DeFreitas is a frequent litigant in this Court having filed ten cases here since July 2023. *See DeFreitas v. Sheriff Errol D. Toulon, et al*., No. 2:23-cv-5933 (E.D.N.Y.); *DeFreitas v. A.D.A. Jacob Kubetz, et al*., No. 2:24-cv-2368 (E.D.N.Y.); *DeFreitas v. A.D.A. Jacob Kubetz, et al*., No. 2:24-cv-2918 (E.D.N.Y.); *DeFreitas v. Sheriff Errol D. Toulon*, No. 2:24-cv-3394 (E.D.N.Y.); *DeFreitas v. A.D.A. Jacob Kubetz*, No. 2:24-cv-5264 (E.D.N.Y.); *DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:24-cv-5035 (E.D.N.Y.); *DeFreitas v. Senft*, No. 2:24-cv-6320 (E.D.N.Y.); *DeFreitas v. Senft*, No. 2:24-cv-6347 (E.D.N.Y.); *DeFreitas, et al. v. Tierney*,

violation of due process occurring upon every person arrested in Suffolk County." (*Id.* at 5.) Pascual alleges that those housed at the Jail are "not being informed of their right to a preliminary hearing and to appear before the grand jury and especially among those who are disabled and do not read English like myself." (*Id.*)

Pascual also alleges that he was initially unable to obtain a form for a writ of habeas corpus in either English or Spanish from the Jail. (*Id.* at 5.) However, about two weeks later Pascual obtained "a english Writ of Habeas Corpus and help to fill it out." (*Id.*) Pascual claims that the "writ of Habeas Corpus was returned and I was informed that this is a motion matter for counsel in the trial court." (*Id.* at 6.) However, Pascual alleges that his

> assigned counsel has visited [him] once, who does not speak or write Spanish and I demanded that he move for a preliminary hearing or have me appear before the grand jury, and have the people show proof I committed a crime on the Long Island Railroad. I asked counsel to produce video footage from the train and train platform which I should have received 20 days after my arraignment and I have not received it.

(*Id.*)

Pascual alleges that he is "unlawfully being held on custody without any due process of law and in violation of Title II of the ADA," because he is not being "provide[d] the necessary accommodations to challenge the state courts violation of the state criminal procedure law." (*Id.*)

For relief, Pascual seeks to recover a monetary award in the sum of "$900,000.00 for violation of Title II of the ADA, and $100,000.00 a month for unlawful inprisonment for every month I spend in custody." (*Id.* at 8.)

---

No. 2:24-cv-6856 (E.D.N.Y.); *DeFreitas v. State of New York, et al*, No. 2:24-cv-7813 (E.D.N.Y.). Notably, the handwriting on Pascual's Amended Complaint appears remarkably similar to the handwritten complaints filed by DeFreitas.

## LEGAL STANDARDS

### I. *In Forma Pauperis*

Upon review of Pascual's IFP Motions, the Court finds that Pascual is qualified by his financial status to commence this action without the prepayment of the filing fee. Accordingly, this Court deems the second IFP Motion to be the operative motion, grants it, and dismisses the first IFP Motion as moot. (ECF Nos. 2, 10.)

### II. Sufficiency of the Pleadings

Because Pascual is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). At the pleading stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a pleading. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted)). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with

them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I. Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." *State Emps.' Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quotation marks and alterations omitted).

Here, Pascual's claim against New York is barred by the Eleventh Amendment. *See id.* Thus, Pascual's Section 1983 claims against New York are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); 1915A(b)(1)–(2). *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (quotation marks omitted).

## II. *Heck*'s Delayed Accrual Rule

Insofar as Pascual brings claims under the First, Fourth, and Fourteenth Amendments against Suffolk County that challenge his arrest, detention, prosecution, and access to courts, success on these claims would impugn the validity of a criminal conviction in the state court. In *Heck v. Humphrey*, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit," the district court must dismiss the complaint if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" and the "conviction or sentence has [not] already been invalidated." 512 U.S. 477, 487 (1994). Interpreting *Heck*, the Second Circuit has long held that "if success on a § 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution

7

continues to exist." *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999) (citation and alterations omitted).

Here, Pascual is a pretrial detainee. As is readily apparent, his claims challenging his arrest, detention, prosecution, and access to the courts would impugn the validity of a subsequent conviction. Thus, these claims are premature. *See*, *e.g.*, *Roberties v. Huff*, No. 11-cv-521, 2012 WL 1113479, at *4 (W.D.N.Y Mar. 30, 2012) (dismissing as premature "plaintiff's claims for due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence and equal protection").

However, with respect to Section 1983 false arrest claims, the Supreme Court limited the delayed accrual rule of *Heck* in *Wallace v. Kato*, 549 U.S. 384 (2007). In declining to apply *Heck*'s delayed accrual rule to false arrest claims because the statute of limitations for such claims "begins to run at the time the claimant becomes detained pursuant to legal process," the Court instructed:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id.* at 393–94.

Here, Pascual's false arrest claim implicates *Wallace*'s modification of *Heck*'s delayed accrual rule. Thus, pursuant to *Wallace*, Pascual's false arrest claim is stayed pending the resolution of the underlying criminal prosecution.

That said, if he is convicted, Pascual's stayed false arrest claim "would impugn that conviction," meaning "*Heck* will require dismissal" of the claim. *See Wallace*, 549 U.S. at 394 (citations omitted). Given the stay, Pascual shall request, in writing, that the stay be lifted within

8

the two (2) weeks following the conclusion of his state court criminal proceeding, if so warranted at that time.

Pascual's remaining constitutional claims are barred by *Heck* and its progeny and are thus not plausible. Accordingly, these claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### III.  Section 1983 Claims

Given that Pascual alleges deprivations of his constitutional rights, such claims are properly brought pursuant to Section 1983 (42 U.S.C. § 1983). Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-cv-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights).

#### A.  Municipal Liability Under Section 1983

In order to prevail on a Section 1983 claim against a municipal entity such as Suffolk County, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights

under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690–91). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)).

Pascual has not alleged any facts from which this Court could reasonably construe that the challenged conduct surrounding his arrest, prosecution, and detention was undertaken pursuant to a municipal custom, policy or practice. Accordingly, these claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### B. Claims Under the Americans with Disabilities Act

Although Pascual also purports to bring claims pursuant to the Americans with Disabilities Act ("ADA"), he has not alleged facts that indicate that he is disabled under the ADA. Rather, Pascual alleges that he speaks and reads Spanish, not English. (Am. Compl. at 5–7.) Title II of the ADA prohibits a "public entity" from discrimination against a "qualified individual with a disability." 42 U.S.C. § 12132. A "public entity" includes "any State or local government." 42 U.S.C. § 12131(1)(A). Thus, Suffolk County is a public entity as defined by the ADA. To determine whether Pascual is a "qualified individual with a disability" the Court turns to the definition of "disability" embodied in 42 U.S.C. § 12102. That section defines an individual's "disability" as

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment . . . .

42 U.S.C. § 12102.

10

Although the Amended Complaint alleges that Pascual is disabled because he speaks and reads Spanish (Am. Compl. at 4–5, 7), "the ability to speak Spanish is not a disability under the Americans with Disabilities Act." *Rodriguez v. Conn. Renaissance*, No. 23-cv-1090, 2023 WL 5289733, at *2 (D. Conn. Aug. 17, 2023). Accordingly, Pascual's ADA claims are not plausible as pled and are thus dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

C. **State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the Court's dismissal or stay of all Pascual's federal claims, the Court declines at this time to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Complaint.

IV. **Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted). If, however,

11

amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Here, in light of Pascual's ongoing criminal prosecution and the fact that his claims in this action are entwined with those proceedings, the Court grants leave to file an amended complaint upon resolution of the underlying criminal case if so warranted at that time. Pascual shall seek leave to lift the stay of the false arrest claim and/or to replead any claims in accordance with the guidance set forth in this Memorandum and Order within two (2) weeks of the conclusion of the underlying state criminal proceedings.

## CONCLUSION

For the reasons stated above, this Court grants Pascual's second IFP Motion (ECF No. 10), dismisses the first IFP Motion as moot (ECF No. 2), and as set forth above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), dismisses the claims set forth in the Amended Complaint (ECF No. 7) with the exception of the false arrest claim which is stayed pending resolution of the underlying criminal prosecution. Pascual is granted leave to file an amended complaint to pursue any claims relating to his arrest and prosecution upon resolution of the underlying criminal case if so warranted at that time. Pascual shall seek leave to lift the stay as to the false arrest claim and/or to file an amended complaint within two (2) weeks of the conclusion of those proceedings.

The Court denies Pascual's Motion to Appoint Counsel (ECF No. 15) without prejudice and with leave to renew should Pascual move to reopen this case upon conclusion of his state criminal proceedings.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Pascual at his address of record in an envelope marked "Legal Mail" and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 5, 2024

                                                */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge